USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/4/26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

- against -

JOSE MANUEL PEREZ,

Defendant.

**23-CR-0154 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Defendant Jose Manuel Perez ("Perez"), proceeding *pro se*, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Section 3582"). (See "Motion" or "Mot.," Dkt. No. 76.) Because Perez has failed to establish an extraordinary and compelling reason warranting early release, the motion is **DENIED**.

## I. BACKGROUND

On June 11, 2024, Perez pled guilty to one count of conspiracy to distribute and possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. §§ 812, 841(b)(1)(B). On October 4, 2024, this Court sentenced Perez to sixty months' incarceration. (See Dkt. No. 65.) Perez filed his Motion for compassionate release on August 12, 2025. (See Mot.) Perez is currently incarcerated at FCI Loretto.

## II. LEGAL STANDARD

"[U]pon motion of the defendant," and "after the defendant has fully exhausted all administrative rights to

appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," a district court may reduce such defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Following the United States Sentencing Commission's November 2023 amendment of the policy statement contained at U.S.S.G. § 1B1.13 ("Section 1B1.13"), that policy statement now controls as to what constitutes "extraordinary and compelling reasons" for purposes of motions for compassionate release. See, e.g., United States v. Lopez, No. 16-CR-317, 2024 WL 964593, at *2 (S.D.N.Y. Mar. 5, 2024).

Section 1B1.13 provides six categories of circumstances that, subject to specific criteria, may amount to extraordinary and compelling reasons when considered either individually or in combination: (1) "the medical circumstances of the defendant"; (2) "the age of the defendant"; (3) the defendant's "family circumstances"; (4) whether the defendant was physically or sexually abused while in custody; (5) whether "any other circumstance or combination of circumstances" exist that "are similar in gravity" to the preceding four circumstances; and (6) the "defendant received an unusually long sentence and has served

at least 10 years" and a subsequent change in law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(1)-(6).

Additionally, where extraordinary and compelling reasons are present, the court must determine that release is consistent with "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

## III. DISCUSSION

### A. EXTRAORDINARY AND COMPELLING REASONS

Perez raises three bases for his request for compassionate release that he argues constitute extraordinary and compelling reasons: (1) prison conditions; (2) medical circumstances for which he is receiving allegedly inadequate care; and (3) ineffective assistance of trial counsel. (See Mot. at 14-32, 38.) Perez has failed to establish that any of these circumstances, considered individually or in combination, constitute extraordinary or compelling reasons for compassionate release.

#### 1. Prison Conditions

Perez's motion describes poor conditions at Bureau of Prisons ("BOP") facilities generally and FCI Loretto specifically, including harsh prison conditions during the

COVID-19 pandemic, overcrowding of prisoners, and understaffing of BOP personnel. These conditions, while undeniably difficult, do not constitute extraordinary or compelling reasons warranting early release.

As courts in this District have recognized, "pandemic-induced conditions of confinement can constitute 'extraordinary and compelling' circumstances warranting compassionate release, particularly for defendants who have (i) served long sentences and (ii) been detained for the entirety of the pandemic." United States v. Oquendo, No. 13-CR-357, 2023 WL 199609, at *5 (S.D.N.Y. Jan. 17, 2023); see also United States v. Serrano, No. 15-CR-608, 2022 WL 1443688, at *15 (S.D.N.Y. May 6, 2022) (noting that for defendants who served long sentences and have been detained during the entirety of the pandemic, "pandemic-induced conditions of confinement may constitute 'extraordinary and compelling' circumstances" (emphasis in original)). Neither condition is applicable to Perez, who was initially arrested in February 2023 and sentenced in October 2024. (See Dkt. No. 4; Dkt No. 65.)

Perez's other arguments relating to overcrowding and understaffing of BOP facilities are "generalized statements about prison conditions untethered to compelling specifics of the defendant's particular circumstances," and therefore do

not constitute extraordinary or compelling reasons supporting compassionate release. United States v. Santana, No. 12-CR-790, 2023 WL 2625790, at *4 (S.D.N.Y. Mar. 24, 2023); United States v. Sayoc, No. 18-CR-00820, 2025 WL 918864, at *2 (S.D.N.Y. Mar. 26, 2025) ("An experience shared by his fellow inmates that poses no unique burden to [the defendant] himself does not provide a ground for this Court to grant compassionate release.").

2. Medical Circumstances

Perez also argues that he suffers from medical conditions for which he has received insufficient care while in prison. (See Mot. at 22-25.) Specifically, Perez states that he suffers from hypertension and hyperlipidemia (i.e., high cholesterol) and is at risk of kidney disease. (See id.) Perez has not established that these issues amount to extraordinary or compelling reasons warranting the relief he seeks.

Despite stating that he received his medical records from BOP upon request, Perez has not supplied any supporting medical records or other evidence to confirm his diagnoses or establish the inadequacy of BOP's care. Accordingly, he has failed to establish that he is "suffering from a terminal illness or a serious medical condition," or "suffering from a medical condition that requires long-term or specialized

medical care that is not being provided" in prison and "without which [he] is at risk of serious health deterioration or death." U.S.S.G. § 1B1.1(b)(1)(A)-(C); see United States v. Rodriguez, 12-CR-790, 2025 WL 3751696, at *5 (S.D.N.Y. Dec. 29, 2025) (collecting cases).

3. Ineffective Assistance of Counsel

Lastly, Perez argues that compassionate release is warranted because he received ineffective assistance of counsel. (See Mot. at 32.) Perez, who pleaded guilty pursuant to a plea agreement, states that he told his counsel that he "did not want a plea bargain." (Mot. at 32.) Perez also states that his counsel did not file "motions regarding the evidence as well as the search" that Perez desired to be filed. (Id.)

Perez's argument that he received ineffective assistance of counsel is not a proper basis for compassionate release. Ineffective assistance of counsel, which is a legal wrong related to Perez's conviction, constitutes appropriate grounds for appellate or habeas relief, not relief under Section 3582. See Miner v. United States, No. 16-CR-23, 2023 WL 3222394, at *3 (S.D.N.Y. May 2, 2023) (citing United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022)); United States v. Ruiz, No. 10-074, 2022 WL 493389, at *3 (E.D.N.Y. Feb. 16, 2022) ("[T]he Court rejects defendant's claims of ineffective assistance of counsel as

improperly raised. Such claims should have been brought through a 28 U.S.C. § 2255(a) motion.”).

Even reading Perez’s ineffective assistance of counsel argument as a petition for habeas relief under 28 U.S.C. § 2255, Perez has failed to show that he received ineffective assistance of counsel. Perez affirmed during his plea allocution that he had read the plea agreement, discussed it with his lawyers, and fully understood it before he signed it. (See Dkt. No. 11-12.) Perez also affirmed that he understood the charges against him and the consequences of pleading guilty and that he was pleading guilty voluntarily. (See id. 8-15.) Perez provides no facts in his Motion sufficient to undermine the validity of his plea. Additionally, Perez does not explain what additional motions should have been made, and his lawyers “were under no obligation to file meritless motions.” Castillo v. United States, No. 19-CR-428, 2023 WL 6622071, at *5 (S.D.N.Y. Oct. 11, 2023) (collecting cases). Perez has therefore failed to establish that he received ineffective assistance of counsel.

B. SECTION 3553(a) SENTENCING CONSIDERATIONS

Even assuming Perez’s Motion established an extraordinary and compelling reason for early release, the Section 3553(a) sentencing considerations do not support granting the Motion. This Court imposed a sentence at the

bottom end of the Guidelines range. (See Dkt. No. 58 at 25.) That sentence reflected the seriousness of the offense, which involved the unlawful possession of a firearm and over 500 grams of cocaine, and the need to afford adequate deterrence to criminal conduct, especially relevant given Perez's prior drug-related convictions. (See id. at 3-4, 8-12.) Those considerations remain relevant and weigh against early release.

C. FIRST STEP ACT ELIGIBILITY

Perez also argues that the BOP has unlawfully deemed him ineligible for earned time credits ("ETCs") under the First Step Act of 2018 ("FSA"), in violation of both the FSA and his due process rights under the United States Constitution. (See Mot. at 33-34.) That argument is meritless. An inmate in BOP custody is ineligible to receive FSA ETCs "if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. [§] 1101(a)(17)))." 18 U.S.C. § 3632(d)(4)(E)(i). As Perez concedes, he is subject to a Notice and Order of Expedited Removal ("NOER"). (See Mot. at 34.) A "NOER is a 'final order of removal' for the purposes of the FSA." Portocarrero-Valencia v. Warden, FCI Otisville, No. 24-CV-6413, 2025 WL

670911, at *6-7 (S.D.N.Y. Feb. 28, 2025) (collecting cases). Perez is therefore ineligible for ETCs under the FSA.

## IV. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the Motion of defendant Jose Manuel Perez for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. No. 76) is **DENIED.**

The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 76. The Clerk of Court is also respectfully directed to mail a copy of this Order to Jose Manuel Perez, Register Number 15364-050, FCI Loretto, PO Box 1000, Cresson, PA 16630, and note service on the docket.

**SO ORDERED.**

Dated: 4 August 2026
New York, New York

_____________________________
Victor Marrero
U.S.D.J.